IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DESMOND MIGUEL VICKERS,

      Plaintiff,

vs.

PATRICK REID, et al.

      Defendants.

)
)
)
)
)
)
)
)

2:07cv753-mht

Civil Action No.: CV-2007-941
(Montgomery County Circuit Court Number)

## SUBSTITUTE NOTICE OF REMOVAL

COME NOW the defendants, Patrick Reid and Western Express, Inc., in the above-styled

cause, and pursuant to 28 U.S.C. §§ 1332 and 1446, as amended, notice the removal of this action

to the United States District Court for the Middle District of Alabama, Northern Division, by filing

this substitute/replacement notice and as grounds therefore states as follows:

    1.    This case arises out of a motor vehicle accident that occurred on December 29, 2006

in Montgomery County, Alabama. This case stems from the same motor vehicle accident as another

case currently pending in The United States District Court For The Middle District of Alabama,

Northern Division, styled Bianca Boyd v. Patrick Reid, et al., and bearing case number 2:07-CV-

205-A. Boyd and the plaintiff in this cause were both occupants of the same vehicle which collided

with a vehicle being operated by the defendants. The *Boyd* case was filed prior to this case and was

initially filed in state court. These defendants removed the case to federal court.

    2.    Following service of the summons and complaint on the defendants in the present

case, the undersigned counsel filed a Notice of Removal and Notice of Filing Notice of Removal

electronically on June 29, 2007 with the Circuit Court of Montgomery County, Alabama where the

case was originally filed.  An original executed Notice of Removal was sent via U.S. mail to the

Clerk for The United States District Court For The Middle District of Alabama, Northern Division

on that same day, June 29, 2007, with its accompanying exhibits and the undersigned's firm's check

in the amount of $350.00 to cover the courts cost for same. Copies of the filings in state court

showing the date stamp are attached as Exhibits "1" and "2," respectively. A copy of the original

Notice of Removal placed in the mail is attached as Exhibit "3." A copy of the check for the court

costs is attached as Exhibit "4."

3.     In checking on the status of the removal last week, the undersigned learned that the

Clerk for the United States District Court For The Middle District of Alabama, Northern Division

is showing no record of receiving the notice or exhibits. After immediately checking with the bank,

it was determined that the cost check has not cleared.

4.     It affirmatively appears from the above that the Notice of Removal previously timely

mailed by the undersigned was not docketed in the Clerk's office as it was apparently not received

by the Clerk. The exhibits show that the appropriate filings to effect removal were timely filed

electronically in state court and that the original Notice of Removal, with exhibits and check, were

timely mailed to the Clerk for the United States District Court For The Middle District of Alabama,

Northern Division. Accordingly, the case has not been placed on the Court's docket.

5.     It was the intention of the undersigned to of course effect the removal of the present

case and then to seek consolidation of the case with the *Boyd* case referenced above. Such would

promote the efficient use of judicial resources and not put these defendants in the costly and

prejudicial position of having to defend two separate actions arising out of the same transaction and

occurrence in two different courts.

6.     In order to effect removal of the present case under the circumstances, after speaking

on the matter with the Clerk's office and the office of the Honorable W. Harold Albritton, III to which the *Boyd* case was assigned, the undersigned files this Substitute Notice of Removal with the facts of the necessity of same set out above.

WHEREFORE, the defendants respectfully request this Court to take jurisdiction of this action and issue all necessary orders and proceed to remove said action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

_____
Patrick R. Norris (asb-3835-s81p)
Attorney for Defendants

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 22nd day of August, 2007, mailed a copy of the foregoing pleading by placing same in the U.S. Mail, properly addressed and postage prepaid, to:

Jean E. Stinson
Post Office Box 251991
Montgomery, Alabama 36125-1991

_____
Of Counsel

# EXHIBIT "1"



**AlaFile E-Notice**

03-CV-2007-000941.00

To:  PATRICK NORRIS
     pnorris@mbn-law.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**DESMOND MIGUEL VICKERS VS PATRICK REID & WESTERN EXPRESS INC**
**03-CV-2007-000941.00**

The following discovery was FILED on 6/29/2007 7:57:56 PM

Notice Date:    6/29/2007 7:57:56 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
6/29/2007 7:57 PM
CV-2007-000941.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

DESMOND MIGUEL VICKERS,     )
    )
      Plaintiff,        )
    )
vs.                    )       Civil Action No.: CV-2007-941
    )
PATRICK REID, et al.        )
    )
      Defendants.       )

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:     Melissa Rittenour - Circuit Clerk
        Montgomery County Courthouse
        Post Office Box 1667
        Montgomery, Alabama 36102-1667

Notice is hereby given that pursuant to 28 U.S.C. §§ 1441 et seq., the defendants in the above-styled cause have on this 29th day of June, 2007, filed in the United States District Court for the Middle District of Alabama, Northern Division, a Notice of Removal to remove Montgomery County Circuit Court Civil Action Number CV-2007-941 to the United States District Court for the Middle District of Alabama, Northern Division.  A copy of said Notice of Removal is attached as Exhibit "A."

Defendant respectfully requests that all further proceedings in the Circuit Court of Montgomery County, Alabama be stayed unless and until the case is remanded.

s/Patrick R. Norris
Patrick R. Norris (asb-3835-s81p)
Attorney for Defendants

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 29th day of June, 2007, mailed a copy of the foregoing pleading by placing same in the U.S. Mail, properly addressed and postage prepaid, to:

Jean E. Stinson
Post Office Box 251991
Montgomery, Alabama 36125-1991

s/Patrick R. Norris
Of Counsel

2

# EXHIBIT "2"

ELECTRONICALLY FILED
6/29/2007 7:57 PM
CV-2007-000941.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DESMOND MIGUEL VICKERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: CV-2007-941 |
| ) | |
| PATRICK REID, et al. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

_____COME NOW the defendants, Patrick Reid and Western Express, Inc., in the above-styled

cause, and pursuant to 28 U.S.C. §§ 1332 and 1446, as amended, notice the removal of this action

to the United States District Court for the Middle District of Alabama, Northern Division, and as

grounds therefore states as follows:

      1.     The plaintiff commenced this civil action against these defendants  in the Circuit

Court of Montgomery County, Alabama, bearing Civil Action Number CV-2007-941.

      2.     The Summons and Complaint in said action, a copy of which is attached hereto as

Exhibit "A," was served on the defendant, Western Express, Inc., on or about June 19, 2007.

      3.     This cause is a civil action within the meaning of the Acts of Congress relating to the

removal of causes.

      4.     The defendants have heretofore sought no similar relief.

      5.     This notice of removal is filed within thirty (30) days of the service of a copy of the

Summons and Complaint on the defendant.

      6.     This case is removable pursuant to 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1332.

7.    Upon information and belief, the plaintiff has at all material times been a resident and citizen of the State of Alabama.

8.    The defendant, Western Express, Inc., is a foreign corporation with its principal offices located in Tennessee.

9.    The defendant, Patrick Reid, is a resident and a citizen of the State of Georgia. The defendant resides in Fayetteville, Georgia and was so residing at the time this action was commenced.

10.    The plaintiff's Complaint requests compensatory and punitive damages in an unspecified amount thereby exposing the defendants to a verdict in excess of $75,000.00; it is furthermore the opinion of counsel for the defendant that the plaintiff, should this case be tried to a jury, will seek punitive damages and compensatory damages in excess of $75,000.00. Such opinion is based upon experience over many years of defending similar lawsuits.

11.    As evidencing the probability that the plaintiff will in fact seek damages in excess of $75,000.00, the Complaint filed in the Circuit Court of Montgomery County, Alabama states that the plaintiff was injured as a proximate result of the defendant's negligence and wantonness as follows:

Plaintiff suffered head, shoulder, neck and spinal injuries.

Plaintiff, as a proximate result of the Defendant's conduct was caused to incur expenses for medicine, physicians' fees, and rehabilitation charges.[Further, Plaintiff will be caused to continue to incur such expenses in the future.]

Plaintiff was caused to lose wages. [Further, Plaintif will continue in the future to be caused to lose wages.]

Plaintiff suffered extreme pain and suffering from the said injuries caused by the Defendant. [Further, Plaintiff will continue in the future to be caused to suffer

2

pain and suffering.]

Plaintiff suffered mental anguish and emotional distress from the said injuries caused the the Defendant.

Plaintiff has been partially disabled and will be limited in his engagement in certain gainful employment activity as a result of the said injuries caused by the Defendant.

As a proximate cause of Defendant's negligence, Plaintiff has been made to lose the use and convenience of his vehicle.

Plaintiff has been made to incur expenses for transportation.

12.    This case accordingly involves a matter in controversy in excess of the sum or value of $75,000.00 and is between citizens of different states.

13.    Finally, this case arises out of the same transaction and occurrence as the case styled *Bianca Boyd v. Patrick Reid and Western Express, Inc.*, Case Number 2:07-CV-205-A, which is already pending in the United States District Court for the Middle District of Alabama, Northern Division. Both cases arise out of the same motor vehicle accident. The *Boyd* case was likewise originally filed in the Circuit Court of Montgomery County, Alabama and was removed to the United States District Court for the Middle District of Alabama, Northern Division. The defendants subsequently plan on asking that the two cases be consolidated for the purposes of discovery and trial.

WHEREFORE, the defendants respectfully request this Court to take jurisdiction of this action and issue all necessary orders and proceed to remove said action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

3

s/Patrick R. Norris
Patrick R. Norris (asb-3835-s81p)
Attorney for Defendants

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 29th day of June, 2007, mailed a copy of the foregoing pleading by placing same in the U.S. Mail, properly addressed and postage prepaid, to:

Jean E. Stinson
Post Office Box 251991
Montgomery, Alabama 36125-1991

s/Patrick R. Norris
Of Counsel

4

# EXHIBIT "3"

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Vickers, Desmond M. | Reid, Patrick and Western Express, Inc. |

| (b) County of Residence of First Listed Plaintiff   Montgomery County, AL | County of Residence of First Listed Defendant   Fayette, County, GA |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Stinson, Jean E., Post Office Box 251991, Montgomery, Alabama 36125 Telephone No.: (334) 281-9427 | Norris, Patrick R., McDaniel, Bains & Norris, P.C., Two Metroplex Drive, Suite 504, Birmingham, Alabama 35209, (205) 871-1811 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441 (a) and 28 U.S.C. § 1332

Brief description of cause:
Motor vehicle accident with claim of negligence & wantonness

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE W. Harold Albritton, III   DOCKET NUMBER 2:07-cv-00205-WHA-TFM

DATE
06/29/2007

SIGNATURE OF ATTORNEY OF RECORD
*Patrick R Norris*

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BIANCA BOYD,                        )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )       Civil Action No.: CV-2007-941
                                    )    (Montgomery County Circuit Court Number)
PATRICK REID, et al.                )
                                    )
        Defendants.                 )

## NOTICE OF REMOVAL

COME NOW the defendants, Patrick Reid and Western Express, Inc., in the above-styled

cause, and pursuant to 28 U.S.C. §§ 1332 and 1446, as amended, notice the removal of this action

to the United States District Court for the Middle District of Alabama, Northern Division, and as

grounds therefore states as follows:

1.    The plaintiff commenced this civil action against these defendants  in the Circuit

Court of Montgomery County, Alabama, bearing Civil Action Number CV-2007-941.

2.    The Summons and Complaint in said action, a copy of which is attached hereto as

Exhibit "A," was served on the defendant, Western Express, Inc., on or about June 19, 2007.

3.    This cause is a civil action within the meaning of the Acts of Congress relating to the

removal of causes.

4.    The defendants have heretofore sought no similar relief.

5.    This notice of removal is filed within thirty (30) days of the service of a copy of the

Summons and Complaint on the defendant.

6.    This case is removable pursuant to 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1332.

7.    Upon information and belief, the plaintiff has at all material times been a resident and citizen of the State of Alabama.

8.    The defendant, Western Express, Inc., is a foreign corporation with its principal offices located in Tennessee.

9.    The defendant, Patrick Reid, is a resident and a citizen of the State of Georgia. The defendant resides in Fayetteville, Georgia and was so residing at the time this action was commenced.

10.    The plaintiff's Complaint requests compensatory and punitive damages in an unspecified amount thereby exposing the defendants to a verdict in excess of $75,000.00; it is furthermore the opinion of counsel for the defendant that the plaintiff, should this case be tried to a jury, will seek punitive damages and compensatory damages in excess of $75,000.00. Such opinion is based upon experience over many years of defending similar lawsuits.

11.    As evidencing the probability that the plaintiff will in fact seek damages in excess of $75,000.00, the Complaint filed in the Circuit Court of Montgomery County, Alabama states that the plaintiff was injured as a proximate result of the defendant's negligence and wantonness as follows:

> Plaintiff suffered head, shoulder, neck and spinal injuries.
>
> Plaintiff, as a proximate result of the Defendant's conduct was caused to incur expenses for medicine, physicians' fees, and rehabilitation charges.[Further, Plaintiff will be caused to continue to incur such expenses in the future.]
>
> Plaintiff was caused to lose wages. [Further, Plaintif will continue in the future to be caused to lose wages.]
>
> Plaintiff suffered extreme pain and suffering from the said injuries caused by the Defendant. [Further, Plaintiff will continue in the future to be caused to suffer

2

pain and suffering.]

Plaintiff suffered mental anguish and emotional distress from the said injuries caused the the Defendant.

Plaintiff has been partially disabled and will be limited in his engagement in certain gainful employment activity as a result of the said injuries caused by the Defendant.

As a proximate cause of Defendant's negligence, Plaintiff has been made to lose the use and convenience of his vehicle.

Plaintiff has been made to incur expenses for transportation.

12.     This case accordingly involves a matter in controversy in excess of the sum or value of $75,000.00 and is between citizens of different states.

13.     Finally, this case arises out of the same transaction and occurrence as the case styled *Bianca Boyd v. Patrick Reid and Western Express, Inc.*, Case Number 2:07-CV-205-A, which is already pending in the United States District Court for the Middle District of Alabama, Northern Division. Both cases arise out of the same motor vehicle accident. The *Boyd* case was likewise originally filed in the Circuit Court of Montgomery County, Alabama and was removed to the United States District Court for the Middle District of Alabama, Northern Division. The defendants subsequently plan on asking that the two cases be consolidated for the purposes of discovery and trial.

WHEREFORE, the defendants respectfully request this Court to take jurisdiction of this action and issue all necessary orders and proceed to remove said action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

3

_____

Patrick R. Norris (asb-3835-s81p)
Attorney for Defendants

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama  35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 29th day of June, 2007, mailed a copy of the foregoing pleading by placing same in the U.S. Mail, properly addressed and postage prepaid, to:

Jean E. Stinson
Post Office Box 251991
Montgomery, Alabama 36125-1991

_____

Of Counsel

4

# EXHIBIT "A"

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

DESMOND MIGUEL VICKERS )
)
    Plaintiff, )
)
v. )
)    Case No.: CV-2007-941
PATRICK REID; WESTERN EXPRESS,)
INC.; )
)
    Defendants. )

## SUMMONS

    The complaint which is attached to this summons is important, and you must take immediate action to protect your rights. You or your attorney is required to file the original of your written answer, either admitting or denying each allegation in the complaint with the clerk of this court. A copy of your answer must be mailed or hand delivered by you or your attorney to the Plaintiff or Plaintiff's attorney,

JEAN E. STINSON, ESQUIRE
POST OFFICE BOX 251991
MONTGOMERY, AL 36125-1991

    This answer must be mailed or delivered within ___30___ Days after this summons and complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the complaint.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant(s):

NOTICE TO:

PATRICK REID           WESTERN EXPRESS, INC.
105 HERITAGE CT.      THE CORPORATION COMPANY
FAYETTEVILLE, GEORGIA 30214   2000 INTERSTATE DRIVE
                      SUITE 204 MONTGOMERY, AL 36109

    _____ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

DATE 6/14 2007 _Melissa Pittman_ by: _JW_
Clerk/Register

RETURN ON SERVICE:

I certify that I personally delivered a copy of the Summons
and Complaint to Patrick Reid in Fayetteville, Georgia, AND
Western Express, Inc. the Corporation Company, Suite 204,
2000 Interstate Park Drive, Montgomery, AL 36109 on
_____, 2007

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

DESMOND MIGUEL VICKERS          )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
PATRICK REID; Western Express,  )
Inc; Fictitious Defendants      )    Case No.: CV-2001-941
A,B, and C whether singular     )
or plural, are those persons,   )
firms, corporations, or         )
entities whose negligence,      )
wantonness, or wrongful         )
conduct contributed to or       )
caused the injuries of          )
Desmond M. Vickers, whose       )
true and correct names are      )
unknown to Plaintiff at this    )
time, but will be substituted   )
by amendment when ascertained,  )
                                )
        Defendants.             )

## COMPLAINT

### STATEMENT OF PARTIES

1.   Plaintiff Desmond Miguel Vickers is over the age

of nineteen and is a resident of Montgomery County,

Alabama.

2.   Defendant Patrick Reid is over the age of nineteen

years and is believed to be a resident of 105 Heritage Ct.,

Fayetteville, Georgia 30214, Defendant is a driver and

agent of Western Express, Inc.

3. Western Express is believed to be a Tennessee

Corporation, licensed in the State of Alabama as The

Corporation Company, 2000 Interstate Park Drive,

Montgomery, Alabama 36109.

4.    Fictitious Defendants A, B, and C, whether

singular or plural, are those persons, firms, corporations,

or other entities whose  negligence, wantonness, or

wrongful conduct contributed to or caused the injuries to

Desmond M. Vickers whose true and correct names are unknown

to Plaintiff at this time, but will be substituted by

amendment when ascertained.

## STATEMENT OF THE FACTS

5.    On December 29, 2006, Desmond Miguel Vickers was

operating a motor vehicle northbound on the Eastern

Boulevard in Montgomery, Alabama.  At all times Desmond

Vickers was the driver.

6.    At said time and place Defendant Reid was also

operating a motor vehicle on the Eastern Boulevard.

7.    The vehicle driven by Defendant Reid was an

eighteen wheeler/tractor rig, owned by Western Express,

Inc.

8.    At all times material hereto, Defendant Reid was

the agent of Western Express, Inc.

## COUNT ONE

9.   Plaintiff realleges paragraphs one through eight of the complaint as if set out herein full.

10.   At said time and place Defendant Reid so negligently operated his motor vehicle that he caused or allowed it to collide into the rear of vehicle number two which was pushed into the rear of Desmond Vickers' automobile while it was stopped in traffic.

11.   As a Proximate result of the Defendant's said negligence, the Plaintiff was caused to suffer the following injuries.

12.   Plaintiff suffered head, shoulder, neck, and spinal injuries.

13.   Plaintiff, as a proximate result of the Defendant's conduct was caused to incur expenses for medicine, physicians' fees, and rehabilitation charges. [Further, Plaintiff will be caused to continue to incur such expenses in the future.]

14.   Plaintiff was caused to lose wages. [Further, Plaintiff will continue in the future to be caused to lose wages.]

15.   Plaintiff suffered extreme pain and suffering from the said injuries caused by the Defendant. [Further, Plaintiff will continue in the future to be caused to

suffer pain and suffering.]

16.  Plaintiff suffered mental anguish and emotional distress from the said injuries caused by the Defendant.

17.  Plaintiff has been partially disabled and will be limited in his engagement in certain gainful employment activity as a result of the said injuries caused by the Defendant.

18.  As Proximate cause of Defendant's negligence, Plaintiff has been made to lose the use and convenience of his vehicle.

19.  Plaintiff has been made to incur expenses for transportation.

WHEREFORE, Plaintiff demands judgment against Defendant(s) in such an amount of damages as the Court may award and his costs of this action.

## COURT TWO

20.  Plaintiff realleges paragraphs one through nineteen as if set out here in full.

21.  Defendant, with a wanton and reckless disregard for Plaintiff's safety did drive in heavy traffic, disregarding traffic signals and the flow of traffic.

22.  Defendant, with full knowledge that by the above conduct Defendant was unreasonably exposing Plaintiff to

probable serious harm; and Defendant thereby wantonly and recklessly disregarded the probable consequences to Plaintiff of the above conduct.

WHEREFORE, Plaintiff demands judgment against Defendant(s) in such an amount of damages as the Court may award and his costs of this action.

Respectfully submitted,

Jean E. Stinson
Attorney for Plaintiff
P.O. Box 251991
Montgomery, AL 36125-1991

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Foregoing pleadings and interrogatories on the following by sending each a copy of same by first class U.S. Mail, postage prepaid and properly addressed:

Patrick Reid
105 Heritage Ct.
Fayetteville, Georgia 30214

Western Express, Inc.
The Corporation Company
2000 Interstate Drive
Suite 204
Montgomery, AL 36109

DATED this _____ day of _____ 2007

Jean E. Stinson
Attorney for Plaintiff

# EXHIBIT "4"



MCDANIEL BAINS & NORRIS, P.C.
PETTY CASH ACCOUNT
TWO METROPLEX DRIVE SUITE 504
HOMEWOOD, AL 35209
(205) 871-1811

1504

61-8-620

DATE 6-29-07

PAY
TO THE
ORDER OF Clerk, USDC - Middle District of AL          $ 350.00

Three hundred fifty and 00/00                                    DOLLARS

SouthTrust
Bank

FOR Removal Fee 3:90/-008 pcw

⑈00⑈504⑈⑉ ⑈:06⑉000080⑈: 65⑈479⑉749⑈

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000212
Cashier ID: khaynes
Transaction Date: 08/23/2007
Payer Name: MCDANIEL BAINS AND NORRIS PC
------------------------------------
CIVIL FILING FEE
  For: MCDANIEL BAINS AND NORRIS PC
  Case/Party: D-ALM-2-07-CV-000753-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 1575
  Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DESMOND VICKERS V.

PATRICK REID ET AL
```