IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DESMOND MIGUEL VICKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 2:07-CV-753-MHT |
| | ) | |
| PATRICK REID, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT WESTERN EXPRESS, INC.

COMES NOW the defendant, Western Express, Inc., in the above-styled cause, and for answer to plaintiff's Complaint, and to each and every allegation and material averment contained therein, separately and severally, says as follows:

### FIRST DEFENSE
### (ADMISSIONS AND DENIALS)

This defendant admits the material averments of Paragraph One.

This defendant admits the material averments of Paragraph Two to the extent the same was accurate at the time of the subject accident.

This defendant admits that it's headquarters is located in Tennessee and that it is a foreign corporation but denies the remainder of the averments of Paragraph Three.

No response is required of this defendant to Paragraph Four (fictitious parties).

This defendant admits the material averments of Paragraph Five that an accident occurred but is without sufficient information to either admit or deny that the plaintiff was "at all times" the driver.

This defendant admits the material averments of Paragraph Six.

This defendant admits the material averments of Paragraph Seven.

This defendant admits the material averments of Paragraph Eight.

No response is required of this defendant to Paragraph Nine. Otherwise, this defendant adopts and incorporates by reference its previous averments to the previous separately numbered paragraphs.

This defendant denies the material averments of Paragraph Ten.

This defendant denies the material averments of Paragraph Eleven.

This defendant denies the material averments of Paragraph Twelve.

This defendant denies the material averments of Paragraph Thirteen.

This defendant denies the material averments of Paragraph Fourteen.

This defendant denies the material averments of Paragraph Fifteen.

This defendant denies the material averments of Paragraph Sixteen.

This defendant denies the material averments of Paragraph Seventeen.

This defendant denies the material averments of Paragraph Eighteen.

This defendant denies the material averments of Paragraph Nineteen.

No response is required of this defendant to Paragraph Twenty. Otherwise, this defendant adopts and incorporates by reference its previous averments to the previous separately numbered paragraphs.

This defendant denies the material averments of Paragraph Twenty-One.

This defendant denies the material averments of Paragraph Twenty-Two.

## SECOND DEFENSE

The Complaint fails to state a claim against this defendant upon which relief may be granted.

## THIRD DEFENSE

This defendant pleads the general issue.

## FOURTH DEFENSE

This defendant says that venue is improperly and/or inconveniently lain.

**FIFTH DEFENSE**

This defendant says this Court lacks *in personam* jurisdiction over it and that further this Court lacks jurisdiction over the subject matter of this action.

**SIXTH DEFENSE**

This defendant says that process served was insufficient to give notice of this cause or was incorrectly served.

**SEVENTH DEFENSE**

This defendant says that there was insufficient service of process.

**EIGHTH DEFENSE**

This defendant says that the plaintiff was guilty of negligence on the date of the accident made the basis of the Complaint and that such negligence proximately caused or contributed to cause the damages claimed and that any recovery is therefore barred by the plaintiff's contributory negligence.

**NINTH DEFENSE**

This defendant says there existed an efficient intervening cause which was the proximate cause of this accident and which proximately caused or contributed to plaintiff's alleged injuries and damages.

**TENTH DEFENSE**

This defendant says that there existed a sudden emergency not of its own making and that such emergency proximately caused or contributed to cause this accident.

**ELEVENTH DEFENSE**

This defendant says that he it is not guilty of any act or omission which proximately caused or contributed to cause plaintiff's injuries and damages, as alleged, and demands strict proof thereof.

## TWELFTH DEFENSE

This defendant denies traveling or operating a motor vehicle in an unsafe manner and further denies that any act on its part proximately caused or contributed to this incident and demands strict proof thereof.

## THIRTEENTH DEFENSE

This defendant denies acting in a wanton, reckless or intentional manner, or any knowledge or ratification of any such conduct on the date complained of or thereafter so as to justify any award of punitive damages to the plaintiff and demands strict proof thereof.

## FOURTEENTH DEFENSE

The defendant says that any award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama.

## FIFTEENTH DEFENSE

The defendant says that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the United States.

## SIXTEENTH DEFENSE

The defendant says that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## SEVENTEENTH DEFENSE

The defendant says that any award of punitive damages to plaintiff in this case would be

violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by Due Process of Law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### EIGHTEENTH DEFENSE

The defendant says that any award of punitive damages to plaintiff in this case will be violative of the procedural safeguards provided to defendant under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and consequently, defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### NINETEENTH DEFENSE

It is violative the Self-Incrimination Clause of the Fifth Amendment of the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

### TWENTIETH DEFENSE

It is violative of the Self-Incrimination Clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

### TWENTY-FIRST DEFENSE

It is violative of the rights guaranteed by the Constitution of the Untied States of America and the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### TWENTY-SECOND DEFENSE

The defendant says that any award of punitive damages to the plaintiff in this case would be

violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-THIRD DEFENSE

The defendant says that any award of punitive damages to the plaintiff in this case would be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that it would provide damages to plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 Section 27-1-27, Code of Alabama 1975, as amended.

### TWENTY-FOURTH DEFENSE

This defendant says that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with *Green Oil* and *Hammond's* guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition . *BMW of North America v. Gore*, ____ U.S. _____, 1996 WL 262429.

### TWENTY-FIFTH DEFENSE

Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a

person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provides no such notice to defendants leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. *BMW of North America v. Gore,* ____ U.S. _____, 1996 WL 262429.

### TWENTY-SIXTH DEFENSE

This defendant asserts that the plaintiff is not entitled to a trial by jury on the issue of punitive damages. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*,_____ U.S. _____, No. 99-2035(May 14, 2001) (holding that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated).

### TWENTY-SEVENTH DEFENSE

The defendant pleads the applicable statute of limitations.

### TWENTY-EIGHTH DEFENSE

The defendant denies that the plaintiff has standing to pursue the claims and/or relief sought.

### TWENTY-NINTH DEFENSE

The defendant pleads collateral source.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY AS TO ALL JURY ISSUES**

s/Patrick R. Norris
Patrick R. Norris (NOR049)
Attorney for Defendant

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama  35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 15th day of October, 2007, mailed a copy of the foregoing pleading by placing same in the U.S. Mail, properly addressed and postage prepaid, to:

Jean E. Stinson
Post Office Box 251991
Montgomery, Alabama 36125-1991

s/Patrick R. Norris
Of Counsel