IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESMOND MIGUEL VICKERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:07cv753-WHA |
| | ) (WO) |
| PATRICK REID, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This case is before the court on the Plaintiff's Motion for Leave to Amend Complaint (Doc. #17) and Motion to Remand (Doc. #19), both filed on June 12, 2008. By this amendment, the Plaintiff seeks to amend his Complaint to specify that the damages sought shall not exceed $74,999.99. Such an amendment, if allowed, would cause the amount in controversy in this case to not exceed the sum of $75,000, and this case then to be not within the diversity of citizenship jurisdiction of the court.

The court notes that the Plaintiff did not challenge the removal of this case on jurisdictional grounds for nearly ten months after removal, and that this Motion to Amend is filed long after the January 2, 2008 deadline for moving to amend the pleadings which was set in the Uniform Scheduling Order (Doc. #11), entered on October 30, 2007, in accordance with the deadline requested by both the Plaintiff and the Defendants in their Report (Doc. #10), filed on October 29, 2007.

While an amendment ordinarily would not be allowed at this late date, this an issue of jurisdiction, which must be addressed by the court when it appears that jurisdiction may not

exist. *United States v. Hays,* 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction . . . .").

The Complaint in this case does not claim a specific amount of damages, merely demanding "judgment against Defendant(s) in such an amount of damages as the Court may award and his costs of this action." Furthermore, although the Defendant Western Express, Inc. removed this case from state court, the Fifth Defense in its Answer contends that "this Court lacks jurisdiction over the subject matter of this action." Therefore, although the law prohibits a plaintiff from amending a complaint after removal to reduce the amount in controversy to less than the jurisdictional amount, *St. Paul Indemnity Co., v. Red Cab Co.,* 303 U.S. 283, 292 (1938), *superseded by statute on other grounds, Shanaghan v. Cahill,* 58 F.3d 106, 111 (4th Cir. 1995), and although it appears to the court that both sides have been "asleep at the switch" in this case, it does seem that, unless the Defendant is prepared to submit proof by a preponderance of the evidence that the amount in controversy exceeds $75,000 in the absence of amendment, the Motion to Amend and the Motion to Remand are due to be granted. The court, however, will not take such action without giving the Defendant an opportunity to respond, if it does not agree. Therefore, it is hereby

ORDERED that the Defendant Western Express, Inc. is given **until June 23, 2008**, to show cause, if any there be, why the amendment should not be allowed and this case remanded to state court.

DONE this 16th day of June, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE